**ZU YONG LI, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 11–4113–ag.**

United States Court of Appeals, Second Circuit.

April 18, 2012.

Theodore N. Cox, New York, NY, for Petitioner.

Stuart F. Delery Acting Assistant Attorney General; Anthony C. Payne, Senior Litigation Counsel; Stuart S. Nickum, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

## SUMMARY ORDER

Zu Yong Li, a native and citizen of the People's Republic of China, seeks review of an October 3, 2011, decision of the BIA: (1) affirming a May 24, 2010, decision of Immigration Judge ("IJ") Patricia A. Rohan denying his motion to reopen; and (2) denying his motion to reopen and remand filed on appeal. *In re Zu Yong Li*, No. A073 172 610 (B.I.A. Oct. 3, 2011), *aff'g* No. A073 172 610 (Immig. Ct. N.Y. City May 24, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir.2008); *see also Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir.2008). We note that, contrary to the government's contention, Li challenges in his brief both the BIA's dismissal of his appeal and the BIA's denial of his motion filed on appeal.

An alien may file only one motion to reopen, within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.23(b)(1). Li's motions to reopen were indisputably untimely because they were filed more than twelve years after the IJ's order of deportation became final. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1).

There is no time limitation for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." However, as the agency concluded, Li failed to

394

establish such conditions because he submitted no evidence regarding the enforcement of the family planning policy in his home province at the time of his 1997 hearing. 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Matter of S–Y–G*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("[W]e compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). In any event, the agency did not err in alternatively concluding that Li's evidence did not demonstrate *material* changed country conditions since the time of his 1997 hearing because his evidence did not demonstrate that the family planning policy was implemented against similarly situated individuals in a persecutory manner. *See Jian Hui Shao*, 546 F.3d at 160, 165, 172 (finding no error in the agency's determination that references to the family planning policy's mandatory sterilization requirement did not demonstrate a realistic chance of forced sterilization in light of considerable country conditions evidence to the contrary). Accordingly, the agency did not abuse its discretion in denying Li's motion to reopen as untimely, and we need not consider his challenges to the agency's alternative dispositive determination that he failed to establish his *prima facie* eligibility for relief. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also* 8 C.F.R. § 1003.23(b).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Li's motion for a stay of removal in connection with this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b). The mandate shall issue forthwith.